IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID M., § | |
|     Plaintiff, § | |
| § | |
| v. § | Case No. 3:22-cv-02166-N-BT |
| § | |
| KILOLO KIJAKAZI, ACTING § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff David M.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security (ECF No. 1). The District Court referred the case to the United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the Magistrate Judge recommends that the District Court REVERSE the Commissioner's decision and REMAND the case to the Commissioner.

**Background**

Plaintiff alleges that he is disabled due to a variety of physical and mental impairments, including asthma, high blood pressure, hypertension, high cholesterol, diabetes, obesity, degenerative disc disease of the lumbar spine,

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

obstructive sleep apnea, hearing loss, depression, and posttraumatic stress disorder (PTSD). Admin. R. 51-58, 216 (ECF No. 13-1).[2] Plaintiff was born in 1970, and he claims that he has been disabled since July 16, 2020. Admin. R. 195, 273. Plaintiff is a high school graduate and a United States Navy Veteran. Admin. R 195. He has past relevant work experience as a security training manager, an electronic service instructor, a help desk technician, an alarm technician installer, and in IT support. Admin. R. 30, 66.

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act (the "Act") on October 20, 2020. Admin. R. 14, 82. His claim was denied initially and upon reconsideration. Admin. R. 89, 112. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), who conducted a telephonic administrative hearing on October 19, 2021.[3] Admin. R. 42-70.

The ALJ found Plaintiff was not disabled and thus not entitled to disability insurance benefits under the Act. Admin. R. 33. Utilizing the five-step sequential evaluation,[4] the ALJ first found that Plaintiff had not engaged in substantial

---

[2] Citations to the record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.
[3] Because of the extraordinary circumstances presented by the COVID-19 pandemic, the ALJ was unable to conduct the hearing by video. Admin. R. 14.
[4] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of

gainful activity since July 16, 2020, his alleged onset date. Admin. R. 16. At the second step, the ALJ noted that Plaintiff experienced severe impairments of "lumbar spine degenerative disc disease; obstructive sleep apnea; hearing loss; obesity; major depressive disorder; and post-traumatic stress disorder (PTSD)." Admin. R. 16. At the third step, the ALJ determined that Plaintiff's severe impairments did not meet or medically equal any listed impairment in appendix 1 of the social security regulations. Admin. R. 18-19.

Next, the ALJ conducted a residual functional capacity (RFC) assessment. He found that Plaintiff had the RFC to perform a limited range of "light work," including that he "can perform jobs requiring occasional verbal communication, such as the need to avoid jobs that require more than occasional verbal communication by phone or intercom-type communication." Admin. R. 23. And, the ALJ found that:

> [m]entally, [he] can understand, remember, and carry out simple tasks with short, simple instructions. He can make simple work-related decisions or judgments. He can maintain attention, concentration, and pace sufficiently to perform simple work tasks. He can have occasional interaction with the public.

*Id.*

---

the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

3

At step four, after considering the RFC determination and the testimony of the vocational expert (VE), the ALJ concluded that Plaintiff is not able to perform his past relevant work. Admin. R. 30-31. At step five, the ALJ concluded, consistent with the VE's testimony, that, considering Plaintiff's age, education, prior work experience, and RFC, he could perform the following jobs existing in significant numbers in the national economy: (1) router; (2) collator operator; and (3) mail clerk. Admin. R. 31-32. Thus, the ALJ determined that Plaintiff was not disabled under the Act and, therefore, not entitled to receive disability insurance benefits. Admin. R. 32.

Plaintiff appealed the ALJ's decision to the Appeals Council. Admin. R. 5. The Appeals Council found that the appeal did not provide a basis for modifying the ALJ's decision. Admin. R. 5-8. Plaintiff then filed this action in federal district court. As his sole challenge, he contends that the ALJ committed reversible error by failing to resolve a conflict between the VE's testimony at the administrative hearing as to his ability to perform certain jobs in the national economy and the requirements for those jobs as set forth in the Dictionary of Occupational Titles (DOT). Pl.'s Br. 3 (ECF No. 14).

**Legal Standard**

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*,

415 F.3d 457, 461 (5th Cir. 2005)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance.").

The ALJ, and not the courts, resolves conflicts in the evidence; the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923. If the Commissioner's findings are supported by substantial evidence, the findings are conclusive, and the Commissioner's decision must be affirmed. *Martinez*, 64 F.3d at 173. A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Nevertheless, the substantial evidence review is not an uncritical "rubber stamp" and requires "more than a search for evidence supporting the [ALJ's] findings." *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)), *adopted by* 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). The Court "must scrutinize the record and take into account whatever fairly detracts from the substantiality of the evidence supporting" the ALJ's decision. *Id.* (quoting *Martin*, 748 F.2d at 1031). A

5

no-substantial-evidence finding is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Id.* (citation omitted).

## Analysis

Plaintiff argues that the ALJ committed reversible error because she "failed to resolve patent conflicts between the VE's testimony and the DOT with regard to the reasoning level required by the occupations adopted by the ALJ." Pl.'s Br. 3. For the reasons that follow, the Court agrees and rejects the Commissioner's arguments to the contrary.

"The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant." *Gretta H. v. Kijakazi*, 2022 WL 18107079, at *2 (N.D. Tex. Dec. 30, 2022) (Rutherford, J.) (citations omitted). In establishing the existence of a significant number of jobs available, the ALJ may rely on VE testimony in response to hypothetical questions, as he did in this case, or on the "the Grids," the Medical-Vocational Guidelines promulgated for this determination. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000); 20 C.F.R. Pt. 404, Subpt. P, App. 2.

"[B]efore relying on a VE's opinion, an ALJ must ensure that the VE's opinion does not conflict with the DOT." *Bailey v. Saul*, 853 F. App'x 934, 937 (5th Cir. 2021) (citing SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)). However, "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous

6

provisions of the DOT, and then present that conflict as reversible error." *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). "The critical distinction, then, is whether the conflict is merely 'implied or unexplained' or 'direct and obvious.'" *Juan S. v. Kijakazi*, 2022 WL 4098033, at *3 (N.D. Tex. Aug. 18, 2022) (Rutherford, J.) (quoting *Carey*, 230 F.3d at 146-47), *adopted by* 2022 WL 4100821 (N.D. Tex. Sept. 7, 2022). If the conflict is "direct and obvious," then it is error for the ALJ to rely on the VE's opinion without resolving the conflict. *Id.* (citation omitted).[5] Stated differently, when a "direct and obvious" conflict exists between the VE's testimony and the DOT and the ALJ fails to explain or resolve the conflict, the testimony is "so lessened that reversal and remand for lack of substantial evidence usually follows." *Osborne v. Colvin*, 2015 WL 4755488, at *7 (N.D. Tex. Aug. 12, 2015) (Horan, J.) (citation omitted). "But, when the conflict is implied or indirect, and it did not undergo adversarial cross-examination at the

---

[5] *Carey* distinguished implied or indirect conflict from two other types of conflict: (1) the "direct and obvious" conflict, which exists when the VE's testimony conflicts with the DOT, and (2) the "less obvious" conflict, which arises when the VE's testimony "creates a conflict or discrepancy between the ALJ's [RFC] determination . . . and the DOT job descriptions." 230 F.3d at 145-46; *see Dunn v. Colvin*, 2013 WL 4756377, at *5 n.3 (N.D. Tex. Sept. 4, 2013) (Means, J.) (stating that there are two ways VE's testimony can create a direct conflict: (1) when the VE testifies that a particular job requires a particular exertional or skill level when the DOT expressly provides that the job requires a different exertional level and (2) when the VE's testimony places the ALJ's RFC finding or the claimant's specific impairments in conflict with the exertional or skill level or the specific skills required for the identified jobs in the DOT) (citation omitted). "Courts have continued to treat both the 'direct and obvious' conflict and the 'less obvious' conflict as 'direct conflicts,' a category of conflicts separate and distinct from the implied or indirect conflict." *Id.* (citation omitted).

7

hearing, the ALJ may rely on the VE's testimony without resolving the later-proposed conflict so long as the record reflects an adequate basis for doing so." *Id.* (citation omitted).

At the administrative hearing, the ALJ asked the VE to assume an individual of the same age, education, and work experience as Plaintiff and the following hypothetical:

> Hypothetical 1 is at the light exertional level, as defined in the regulations, with the following. Can frequently climb ramps and stairs, no climbing ladders, ropes, or scaffolds. Can perform frequent stooping, kneeling, crouching, crawling. [. . .] Mentally can understand, remember, and carry out *simple tasks with short simple instructions*, manage simple work-related decisions or judgments. Can maintain attention, concentration, and pace sufficiently to perform simple work tasks. Can have occasional interaction with the public.

Admin. R. 66-67 (emphasis added).

After the VE stated that such an individual could not perform Plaintiff's past work, the VE testified that the individual could perform other work, including the jobs of (1) router (DOT #222.587-038); (2) collator operator (DOT #208.685.010); and (3) mail clerk (DOT #209-687.06). Admin. R. 67-68.

The DOT ascribes a reasoning level to every job listed—an estimation of the general mental and psychological capabilities individuals need to perform that job, ranked from a low of reasoning level 1 to a high of reasoning level 6. U.S. Dep't of Labor, Dictionary of Occupational Titles, App. C, Components of the Definition Trailer, 1991 WL 688702. Reasoning level 1 requires a claimant to "[a]pply commonsense understanding to carry out simple one-or two-step instructions"

8

and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.* Reasoning level 2 requires a claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* Reasoning level 3 requires a claimant to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations." *Id.*

The occupations of router and collator operator have a reasoning level of 2. *See* DOT #222.587-038, #208.685-010. The occupation of mail clerk has a reasoning level of 3. *See* DOT #209.687-026.

Plaintiff challenges the ALJ's finding at step five that he could perform these three jobs identified by the VE. He argues that the VE's testimony—that he has the ability to perform the work of a router, collator operator, and mail clerk—conflicts with the DOT's reasoning levels for these positions because the ALJ limited his RFC to "short, simple instructions" in the hypothetical she posed to the VE. Pl.'s Br. 6. In response, the Commissioner tacitly concedes that the VE's testimony concerning Plaintiff's ability to perform the job of mail clerk with a reasoning level 3 conflicts with the DOT. *See* Def.'s Resp. Br. 3, 7 (ECF No. 15). The Commissioner, however, argues that "there is no conflict between a limitation to short, simple job instructions and work[-]related tasks and at least the reasoning level two required for the unskilled router and collator operator jobs," and that these jobs on their

9

own constitute sufficient work in the national economy, so there is no error. *Id.* at 7.

The question presented is whether there is a conflict or inconsistency between the limitation to "short, simple" instructions and the DOT reasoning level 2 requirement that a claimant be able to carry out "detailed but uninvolved" written or oral instructions. While the Commissioner contends there is no conflict, all the cases upon which she relies are inapposite and readily distinguishable. In particular, none of the cases cited in the Commissioner's brief involves an RFC limitation to "short, simple instructions." *See id.* at 5-7. Rather, the cases upon which the Commissioner relies concern whether there is a conflict between "simple jobs" or "simple instructions" and occupations with a reasoning level of 2 or 3. *Id.* (citing cases). As Plaintiff correctly notes in his reply brief, the Commissioner "ignores a critical fact in this case[,] [s]pecifically, . . . that the ALJ here limited [Plaintiff] not just to simple instructions but to 'short, simple instructions.'" Pl.'s Reply Br. 1 (ECF No. 18).

The Court's research reveals no decision from the Fifth Circuit Court of Appeals addressing whether an RFC limitation of "short, simple instructions" is inconsistent or in conflict with a VE's testimony that a claimant has the ability to perform reasoning level 2 occupations. The Fourth Circuit Court of Appeals, however, has held that it is. *See Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019). In *Thomas*, the Fourth Circuit evaluated an RFC that provided the claimant was "able to follow short, simple instructions and perform routine tasks, but . . .

10

must avoid work involving crisis situations, complex decision making, or constant changes in a routine setting." *Id.* at 310. All three jobs provided by the VE required a reasoning level of 2, and the Fourth Circuit held that the ALJ erred because she "did not identify or resolve an apparent conflict between the DOT and the testimony of the VE." *Id.* at 311. The Fourth Circuit held that there was an "'apparent conflict' between a limitation to 'short, simple instructions' . . . and a need to carry out 'detailed but uninvolved . . . instructions' (as found in jobs requiring Level 2 reasoning)." *Id.* at 313-14 (noting it was "not a categorical rule — some instructions, particularly if they are well-drafted, may be simultaneously short, simple, detailed, and uninvolved," but explaining the conflict was apparent and the ALJ should have resolved it).

The Fourth Circuit later elaborated that there was a distinction between a limitation to "short, simple instructions" and a limitation to "simple instructions." *Lawrence v. Saul*, 941 F.3d 140, 142-43 (4th Cir. 2019). In *Lawrence*, the court found a restriction to "simple, routine repetitive tasks of unskilled work" was not inconsistent with "Level 2's notions of 'detailed but uninvolved . . . instructions' and tasks with 'a few [] variables.'" *Id.* at 143. But, it distinguished the RFC before it from that in *Thomas*, noting: "the key difference is that Thomas was limited to 'short' instructions. Short is inconsistent with 'detailed' because *detail and length are highly correlated*. Generally, the longer the instructions, the more detail they can include." *Id.* (emphasis added).

11

The Court of Appeals for the Eleventh Circuit has also observed that "the primary difference between levels one and two is the length of the instructions – not the complexity." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323-24 (11th Cir. 2021). *Buckwalter*, however, involved a case where the claimant was limited to simple instructions, but not short and simple instructions, and the Court found no conflict with the ability to perform reasoning level 2 occupations. *Id.* The Court in *Buckwalter* suggested that a different result may be necessary, however, where the claimant was limited to short, as well as simple, instructions. *Id.*

In addition to the Fourth and Eleventh Circuit cases, the court has located several recent district court decisions finding an apparent or direct conflict between a limitation in the claimant's RFC to "short and simple instructions" and reasoning level 2 occupations which require a claimant to carry out "detailed but uninvolved" written and oral instructions. *See, e.g.*, *Hardy v. Comm'r of Soc. Sec.*, 2022 WL 7145536, at *4 (W.D. Tex. Oct. 12, 2022) (holding that the "VE's testimony that [claimant] could perform the jobs of stuffer and polisher, both of which require the ability to carry out 'detailed' instructions [per a DOT reasoning level of 2]," directly conflicts with the ALJ's RFC limiting claimant to occupations with "short, and limited instructions"); *Chatmon v. Kijakazi*, 2023 WL 5395942, at *4 (W.D. Okla. Aug. 22, 2023) (finding direct conflict between occupations with a reasoning level of 2 and an RFC limiting claimant to "short and simple instructions"); *C.H.C. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 950433, at *8 (D. Colo. Mar. 29, 2022) (finding an apparent conflict between the RFC requirement

12

of "short, simple instructions" and the reasoning level 2 requirement of "detailed but uninvolved instructions" required for the jobs identified by the vocational expert); *Johnson v. Saul*, 2020 WL 1429244, at *5 (W.D.N.C. Mar. 19, 2020) (same); *cf. Gurley v. Saul,* 2020 WL 6218459 at *7 (D.S.C. June 24, 2020) ("Because Plaintiff was limited to 'simple,' rather than 'short,' instructions, there is no apparent unresolved conflict between the ALJ's RFC recommendation and the jobs identified by the vocational expert.").

In light of the case law cited above, record before the Court, and the ALJ's duties pursuant to SSR 00-4p, and in the absence of any binding authority to the contrary, the undersigned concludes that the ALJ's RFC determination limiting Plaintiff to tasks with "short, simple" instructions is inconsistent or in direct conflict with the VE's testimony that Plaintiff could perform the jobs of router and collator operator, both requiring DOT level 2 reasoning and, therefore, the ability to carry out "detailed" (i.e., longer) instructions.

While the Court does not find that "short, simple instructions" necessarily preclude jobs with level 2 reasoning skills, the Court does find, pursuant to the above-referenced case law, that the ALJ must explain the apparent conflict.

Moreover, even if the Court did find the conflict here to be indirect, implied, or tangential, the Court would still find error. In such cases, there still must be an "adequate basis" in the record for reliance on the VE testimony, in spite of the conflict. *See Carey,* 230 F.3d at 146. The Commissioner fails to identify any basis

in the record for her assertion that Plaintiff can follow detailed or lengthy instructions when working.

Finally, the Court declines to find that Plaintiff forfeited this point of error by failing to raise it at the administrative hearing. SSR 00-4p places an affirmative obligation on the Commissioner to elicit such testimony in the context of a direct conflict, not the claimant. "[I]t is difficult to understand how [a claimant] forfeits error involving a significant conflict or problem with the record (not a minuscule, tangential one) by failing to demand that the ALJ act consistent with the Commissioner's own Rulings and both identify and solve conflicts and fully develop the record." *Hardy,* 2022 WL 7145536, at *6 (citation omitted). And, even if the conflict were indirect or implied, as previously noted, the Court would still find error because there still must be an "adequate basis" in the record for reliance on the VE testimony, in spite of the conflict, and here there was not. *See Carey,* 230 F.3d at 146.

Nevertheless, because "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party have been affected," Plaintiff must show he was prejudiced by the ALJ's failure to resolve this conflict. *See Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam). To establish prejudice, he must show that the ALJ's failure to resolve the conflict in the VE's testimony and the DOT casts doubt onto the existence of substantial evidence supporting the disability determination. *See McNair v. Comm'r of Soc. Sec. Admin.,* 537 F. Supp. 2d 823,

14

837 (N.D. Tex. 2008) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision.") (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

In this case, the ALJ's failure to resolve the conflict between the VE's testimony and ALJ's RFC limitation of "short, simple instructions" is clearly harmful. The Commissioner found Plaintiff to be not disabled because he could perform other work in the national economy, specifically, the jobs of a router and collator operator. Admin. R. 31-32. This step five determination relied directly on the VE testimony creating the conflict. In light of the absence of any explanation as to why Plaintiff can perform the identified jobs despite his limitations, the Commissioner has not satisfied her burden to show that a significant number of jobs exist in the national economy that Plaintiff can perform. Had the ALJ identified the conflict, the VE may have concluded that Plaintiff could not perform the identified jobs given his limitations (or may have concluded he could). The critical point is that, "without some explanation for the conflict, the Court cannot conduct a meaningful judicial review." *Juan S.*, 2022 WL 4098033, at *4 (citation omitted) (cleaned up); *see Osborne*, 2015 WL 4755488, at *7 ([W]hen a "direct and obvious" conflict exists between the VE's testimony and the DOT and the ALJ fails to explain or resolve the conflict, the testimony is "so lessened that reversal and remand for lack of substantial evidence usually follows."); *see also Johnson*, 446 F. Supp. 3d at 37 (finding ALJ's failure to identify and resolve conflict between RFC

15

limiting claimant to "short, simple instructions" and level 2 reasoning jobs in VE's testimony is not harmless and constitutes "reversible error"); *Hardy*, 2022 WL 7145536, at *6 (same). Accordingly, the ALJ's error was harmful, and remand is required in this case.

## Recommendation

Because substantial evidence does not support the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act, the Court should REVERSE the hearing decision and REMAND the case to the Commissioner of Social Security for further proceedings consistent with this opinion.

**SO RECOMMENDED.**

October 11, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).